IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY C. SAUNDERS,** | : | CIVIL ACTION NO. 1:22-CV-741 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHELLE CRILEY,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff, Timothy C. Saunders, an inmate in the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), alleges that defendant Michelle Criley, the prison's head librarian, violated his rights under the First, Eighth, and Fourteenth Amendments.  Criley has moved to dismiss the complaint in part.  The motion will be granted.

**I.     Factual Background & Procedural History**

Saunders initiated this case through the filing of a complaint on May 19, 2022. (Doc. 1).  According to the allegations in the complaint, Saunders was conducting research in the prison law library on December 30, 2021, when Criley denied him access to an out-of-state penal statute, denied him adequate time to conduct his research, denied him research materials, and denied him access to someone who was trained in the law who could help him conduct his research.  (Id. at 4).

On January 5, 2022, Criley allegedly allowed her subordinate, Frank Scibelli, to mix cohorts of inmates in violation of the prison's COVID-19 protocols, which allegedly "endangered" Saunders's health.  (Id.)  There is no allegation that Saunders was directly exposed to COVID-19 as a result of Scibelli's actions.  (See

id.)  The following day, Criley allegedly denied Saunders access to the prison law library or use of the prison's LexisNexis computers.  (Id.)  The complaint alleges that Criley retaliated against Saunders for filing a grievance against her by charging him with misconduct on January 6, 2022.  (Id.)

The complaint raises claims against Criley for retaliation in violation of the First Amendment, violation of Saunders's First Amendment right of access to the courts, violation of Saunders's Fourteenth Amendment right to due process, and deliberate indifference to Saunders's health and safety in violation of the Eighth Amendment.  (Id. at 5).[1]  Saunders seeks a court-ordered examination of SCI-Camp Hill's law library to ensure that it meets constitutional standards and $10,000 in damages.  (Id.)  Criley moved to dismiss the complaint in part on August 3, 2022, seeking dismissal of all claims other than the retaliation claim.  (Doc. 12).  Briefing on the motion is complete and it is ripe for review.  (Docs. 13-15, 20).

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

---

[1] The complaint also asserts that Criley violated a Pennsylvania criminal statute, 18 Pa.C.S. § 4953.  To the extent the complaint attempts to raise a claim for violation of this statute, it fails as a matter of law.  This court does not have authority to order the initiation of criminal charges.  See Wayte v. United States, 470 U.S. 598, 607 (1985); Padgett v. Wetzel, No. 1:19-CV-818, 2019 WL 3776549, at *2 (M.D. Pa. Aug. 12, 2019) (Conner, C.J.)

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[]

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III.   Discussion

Saunders brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Upon review of the complaint, we will grant Criley's motion to dismiss the access to courts, deliberate indifference, and due process claims.[2] A prima facie

---

[2] Saunders argues that Criley's motion to dismiss is procedurally improper because the court screened the complaint and allowed it to be served on Criley. (See Doc. 14 at 2; Doc. 15 at 1). This argument is without merit. The court's order directing service was without prejudice to Criley's right to move to dismiss. (Doc. 7 at 1 n.1).

4

claim of denial of access to courts requires allegations that (1) prison officials impeded plaintiff's access to courts and (2) plaintiff suffered actual injury in his ability to access the courts.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022).  To allege actual injury, the plaintiff must allege that he lost an opportunity to pursue a nonfrivolous or arguable underlying claim and that there is no other available remedy for the lost claim.  Rivera, 37 F.4th at 915 (citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)).  Saunders fails to allege actual injury to his access to courts, as he fails to allege what underlying claim he was unable to pursue as a result of Criley's actions.  Saunders's conclusory statement that he "has been unable to pursue legal claims in court" is not sufficient to plead actual injury.

The complaint likewise fails to state a deliberate indifference claim upon which relief may be granted.  A prima facie case of deliberate indifference requires allegations that (1) plaintiff was incarcerated under conditions posing a substantial risk of serious harm and (2) defendant prison officials were deliberately indifferent to inmate health or safety.  Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 373 (3d Cir. 2019).  Saunders's deliberate indifference claim is based on allegations that Criley allowed Scibelli to mix cohorts of inmates in violation of the prison's COVID-19 protocols, but the complaint does not allege that mixing cohorts posed a substantial risk of serious harm to Saunders.  There is no allegation that Saunders was exposed to COVID-19 or that he contracted the virus as a result of the cohorts mixing.  Hence, we will dismiss the deliberate indifference claim.

Finally, Saunders's due process claim fails because the complaint does not make any factual allegations in support of the claim. It is unclear whether Saunders intends to raise a procedural due process claim or a substantive due process claim, or what facts support a due process claim under either theory.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. With the exception of Saunders's claim that Criley violated a Pennsylvania criminal statute, we find that leave to amend is appropriate because the dismissed claims are factually, rather than legally, deficient.

## IV.   Conclusion

We will grant defendant's motion (Doc. 24) to partially dismiss the complaint. Plaintiff's access to courts, deliberate indifference, and due process claims will be dismissed without prejudice, plaintiff's claim for violation of 18 Pa.C.S. § 4953 will be dismissed with prejudice, and plaintiff will be granted leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   December 19, 2022