IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY C. SAUNDERS,** | : | CIVIL ACTION NO. 1:22-CV-741 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MICHELLE CRILEY,** | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 that is proceeding on an amended complaint. Plaintiff, Timothy C. Saunders, an inmate in the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), alleges that defendant Michelle Criley, the prison's head librarian, violated his rights under the First, Eighth, and Fourteenth Amendments. Criley has moved to dismiss the amended complaint. The motion will be granted.

**I.     Factual Background & Procedural History**

Saunders filed his original complaint on May 19, 2022. (Doc. 1). Criley moved to dismiss all claims other than the First Amendment retaliation claim on August 3, 2022. (Doc. 12). The court granted the motion on December 19, 2022, dismissing the claims without prejudice and granting Saunders leave to amend. (Docs. 27-28). Saunders timely filed an amended complaint on January 17, 2023. (Doc. 30).

According to the amended complaint, Saunders was conducting research in the prison law library on December 30, 2021, when Criley denied him access to an out-of-state penal statute, denied him adequate time to conduct his research, denied him research materials, and denied him access to someone who was trained in the

law who could help him conduct his research. (Id. at 4). The penal statute Saunders sought to read was allegedly "needed to properly calculate [his] prior record score" in relation to his criminal sentence. (Id.) The amended complaint avers that Criley subsequently denied Saunders access to the law library on January 6, 2022, November 14, 2022, November 16, 2022, and December 26, 2022. (Id. at 4-5). Criley's purported interference with Saunders's access to the law library allegedly made it more difficult for him to challenge his underlying criminal conviction. (Id.) As a result, Saunders avers that he is "being forced to serve an illegal sentence." (Id. at 8).

On January 5, 2022, Criley allegedly allowed her subordinate, Frank Scibelli, to mix cohorts of inmates in violation of the prison's COVID-19 protocols, which "endangered" Saunders's health. (Id. at 5). There is no allegation that Saunders was directly exposed to COVID-19 as a result of Scibelli's actions. (See id.) Criley purportedly mixed cohorts of inmates again on March 23, 2022. (Id. at 6).

The amended complaint alleges that Criley retaliated against Saunders for filing a grievance against her by charging him with misconduct on January 6, 2022. (Id.) The complaint does not allege any additional facts with respect to this claim, but states that the court "allow[ed] this claim to proceed" in its December 19, 2022 memorandum and order. (Id.)

The amended complaint asserts claims against Criley for retaliation in violation of the First Amendment, violation of Saunders's First Amendment right of access to the courts, violation of Saunders's Fourteenth Amendment right to due process, and deliberate indifference to Saunders's health and safety in violation of

2

the Eighth Amendment.  (Id. at 7-9).  Saunders seeks a court-ordered examination of SCI-Camp Hill's law library to ensure that it meets constitutional standards, release from DOC custody, appointment of counsel to litigate collateral challenges to his underlying criminal conviction, and $250,000 in damages.  (Id.)

Criley filed the instant motion to dismiss the amended complaint on January 31, 2023.  (Doc. 31).  Briefing on the motion is complete and it is ripe for review.  (Docs. 32-33).

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Saunders brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but

4

serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Upon review of the amended complaint, we will grant Criley's motion to dismiss. First, to state an access to courts claim upon which relief may be granted, a plaintiff must allege that (1) prison officials impeded his access to courts and (2) he suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022). To allege actual injury, the plaintiff must allege that he lost an opportunity to pursue a nonfrivolous or arguable underlying claim and that there is no other available remedy for the lost claim. Rivera, 37 F.4th at 915 (citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)).

Saunders does not allege sufficient facts to state an access to courts claim because he does not allege any actual injury to his access to courts. Saunders alleges in conclusory fashion that Criley's actions impeded his ability to challenge his criminal conviction and that he is therefore "being forced to serve an illegal sentence," but he does not specify how his sentence is illegal or what actions he could have taken to challenge the sentence but for Criley's actions.

The record of Saunders's underlying criminal case indicates that he advanced an illegal sentence claim in a collateral challenge to his sentence pursuant

5

to Pennsylvania's Post-Conviction Relief Act but that the claim was dismissed on procedural grounds in 2020.  See Commonwealth v. Saunders, No. 1268 WDA 2022, 2023 WL 3675953, at *1 (Pa. Super. Ct. May 26, 2023).  Saunders did not assert an illegal sentence claim in his subsequent petition for writ of habeas corpus in federal court.  See Saunders v. Harry, No. 1:20-CV-224, 2022 WL 1063064, at *6 (W.D. Pa. Apr. 8, 2022).  Thus, it appears that any challenges to the legality of Saunders's sentence had been fully litigated by 2020.  Saunders does not explain how Criley's allegedly wrongful conduct—which did not begin until December 2021—could have hindered his ability to present a claim that had already been fully litigated.

Furthermore, although Saunders alleges that Criley prevented him from viewing an out-of-state penal statute that was necessary to properly calculate his "record score" in relation to his criminal sentence, it is not clear why this statute would be relevant to his criminal proceedings.  Saunders was tried and convicted under Pennsylvania law, and the complaint does not explain how an "out-of-state" penal statute could affect his conviction or sentence in any way.

The complaint likewise fails to state a deliberate indifference claim upon which relief may be granted.  A prima facie case of deliberate indifference requires allegations that (1) the plaintiff was incarcerated under conditions posing a substantial risk of serious harm and (2) defendant prison officials were deliberately indifferent to his health or safety.  Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 373 (3d Cir. 2019).  Saunders's deliberate indifference claim is based on allegations that Criley and a subordinate prison official mixed cohorts of inmates in violation of the prison's COVID-19 protocols, but the amended complaint does not

6

allege that mixing cohorts posed a substantial risk of serious harm to Saunders. There is no allegation that Saunders was exposed to COVID-19 or that he contracted the virus as a result of the cohorts mixing. The deliberate indifference claim will therefore be dismissed.

We will also dismiss the retaliation claim. Saunders has not alleged any facts in connection with the retaliation claim, apparently based on a belief that such allegations were not necessary because Criley did not move to dismiss the claim in the original complaint. See Doc. 30 at 6 (noting that "[o]n December 19, 2022, this Court issued an Order allowing [the retaliation] claim to proceed").

Saunders is mistaken. An amended complaint supersedes the original and renders it a nullity. Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019). Consequently, Saunders's allegations of retaliation in the original complaint are not sufficient for his amended complaint to survive the instant motion to dismiss. We will dismiss the retaliation claim on that basis.

Finally, we will dismiss Saunders's due process claim because it appears to be duplicative of his other claims and accordingly fails for the reasons stated above. (See Doc. 30 at 6-7 ("Defendant . . . deprived Plaintiff of his 1st Amendment right to access the courts, as stated supra; violated Plaintiff's 1st Amendment right to be free from retaliation, as stated supra; and violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment, as stated supra. . . . These deprivations to Plaintiff, caused by the Defendant, were without due process.")).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment

7

unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny further leave to amend as futile with respect to Saunders's access to courts, deliberate indifference, and due process claims. Saunders has had multiple opportunities to properly plead these claims and has failed to do so. We will grant leave to amend, however, with respect to Saunders's retaliation claim because the absence of allegations supporting the claim appears to be due to Saunders's misunderstanding as to the legal effect of an amended complaint.

**IV.    Conclusion**

We will grant defendant's motion (Doc. 31) to dismiss the amended complaint. Plaintiff's access to courts, deliberate indifference, and due process claims will be dismissed without further leave to amend and plaintiff will be granted leave to file a second amended complaint with respect to his retaliation claim only. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 10, 2023